


THE LAW FIRM OF
# HUNT, HAMLIN & RIDLEY
COUNSELLORS AT LAW

**FOUNDING PARTNERS**
RONALD C. HUNT
RAYMOND L. HAMLIN

TERRY RIDLEY
1956-2012

_____
**ASSOCIATE COUNSEL**
YADIRA C. DURAN
DENNIS HICKERSON-BREEDON

NEWARK OFFICE
MILITARY PARK BUILDING
60 PARK PLACE, 16TH FLOOR
NEWARK, NJ 07102

PATERSON OFFICE
418 GRAND STREET
PATERSON, NJ 07505

**ALL REPLIES TO THE NEWARK OFFICE**
_____

TEL: (973) 242-4471
TELEFAX:(973) 242-8295
E-MAIL: iwright@HuntHamlinRidley.com
WEB SITE: www.HuntHamlinRidley.com

**OF COUNSEL**
ISAAC WRIGHT, JR.
VIELKA VELAZQUEZ
NOELLE VAN BAAREN
DAWN SANFILIPPO
ADAM C. BROWN
COURTNEY DURHAM

_____
‡ALSO ADMITTED IN NY

May 31, 2022

**Via Electronic Filing**
Honorable Marilyn Cox Arleo
United States District Judge
U.S. District Court of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street,
Newark, NJ 07101

**Re:** **United States v. Creaghan Harry**
Criminal Case No. 19-246
Reply to Government's Opposition on Defendant's Motion for Grand Jury Transcripts

Dear Judge Arleo,

Please accept this letter in-lieu of a more formal brief and in reply to the Government's opposition to Defendant's request for a copy of the grand jury minutes in the above referenced action.

As discussed below, this Court should grant Defendant's request or, at a minimum, review the grand jury transcripts in-camera in order to determine the appropriateness of Defendant's request and whether that request should be granted.

**Established in 1995**

*HUNT, HAMLIN &*
*RIDLEY*
COUNSELLORS AT LAW

Page 2

### A. The Government's Opposition that it did not Concede During the Bail Hearing that Defendant Intended to File his Delinquent Taxes Is Misplaced

In opposing Defendant's request for a copy of the grand jury transcripts, the Government takes the words "admit" and "admission" used by Defendant and replaces them with the words, "concede" and "concession."  In doing so, the Government manufactures a position Defendant never took and then argues against that manufactured position.

Defendant made it clear in his moving papers that by the Government's own "admission," Defendant instructed the tax preparers not to file his taxes because he would file them himself. Def. br. at 4; ECF No. 244 at 4.  Defendant never claimed or alleged that the Government "conceded" that Defendant would go through with his representation but only that the Government admitted that the representation was made by Defendant.

The purpose for highlighting this admission was to support Defendant's position that the Government pursued a false narrative before the grand jury by telling the grand jury a half-truth.  For example, "the Government argued, [that 'Defendant's] purpose in having those income taxes prepared was in connection of seeking financing for a million-dollar yacht,['] and **not to file the taxes** (just as Defendant had not filed taxes in previous tax years)." ECF No. 250 at 6-7, quoting ECF No. 244-1 at 10–11. (Emphasis added).  The problem with this narrative to the grand jury is that it fails to mention that the bank required the tax returns to be "filed."

In other words, the very fact that the returns were being prepared to obtain financing is significant, material evidence that Defendant intended to file the returns because Defendant had to provide the bank with "filed" tax returns in order to get financing, not just prepared returns.

Further, Defendant's preparation of his back tax returns is perfectly legal, acceptable and encouraged by the Internal Revenue Service (IRS).  See Tax Topics: Topic No. 153 What to Do if You Haven't Filed Your Tax Return, https://www.irs.gov/taxtopics/tc153.  The IRS does not impose a statute of

*HUNT, HAMLIN &*
   *RIDLEY*
     COUNSELLORS AT LAW

Page 3

limitations on how long you have to file past-due tax returns. You can do it at any time—the IRS won't decline your return but may impose a penalty. See 26 U.S.C. 6651.

Nevertheless, once the Government espoused, in its opposition, the unsupported position that Defendant had no intention of filing the prepared tax returns, it then moved to poison the water with deliberately designed shock-n-awe allegations that has absolutely no relevance to whether Defendant intended to file the returns he had prepared. ECF No. 250 at 7-8.  The purpose for this tactic is to effectuate a "wow" factor designed to taint judicial opinion of Defendant so that irrelevant allegations would have relevant effect. This is a classic "slight of hands" move.

In other words, the Government's arguments about straw owners, concealed income, payments to nominees, shell companies and shell bank accounts is belied by the clear, unadulterated paper trail of every penny of income Defendant made and of which the Government has seized. These arguments do nothing to mitigate the grand jury's need to have known that: (1) the loan Defendant was seeking required that the tax turns he had prepared be filed; (2) at the time Defendant was arrested, the deadline for that year's filing had not yet passed, evidencing his incarceration before being able to file the returns; and (3) the Government has seized and/or frozen all of Defendant's bank accounts, leaving him without any funds to pay taxes he may have owed.

Indeed, this evidence goes to the heart of negating the "intent" and "willful" element of the tax offenses charged in the indictment. <u>United States v. Goichman</u>, 407 F. Supp. 980, 987 (E.D. Pa. 1976) ("[']Willfulness['] in the tax offenses set forth in 26 U.S.C. §§ 7201-7207 refers to a bad purpose or evil motive to do the thing which the law forbids.").  Failure to provide the grand jury with this evidence is not just a general constitutional infirmity but constitutes a specific, deliberate concealment from the grand jury of the significant, exculpatory nature of Defendant's actions.

Irrespective of the evidence the Government claims to have indicating Defendant's complicity in the charged tax offenses, that evidence does not absolve the Government of the responsibility to provide exculpatory evidence to the grand

*HUNT, HAMLIN &*
*RIDLEY*
COUNSELLORS AT LAW

Page 4

jury. U.S. v. Cole, 717 F. Supp. 309, 314 (E.D. Pa. 1989)("[W]hen a prosecutor is aware of substantial exculpatory evidence, the evidence should be disclosed to the grand jury if it could reasonably cause the grand jury not to indict.").

As a result, this Court should grant Defendant's request for the grand jury minutes or, at a minimum, conduct an in-camera review to determine whether providing the Defendant with the grand jury minutes is appropriate. United States v. Smith, 123 F.3d 140, 143-44 (3d Cir. 1997).

   **B.  The Evidence Defendant Claims the Government Withheld from the Grand Jury is Exculpatory**

Here, the Government argues that the evidence supporting Defendant's intent to file his back tax returns and the evidence showing that the Government's actions induced Defendant's inability to both file the returns and pay the amount due is not exculpatory.  The Government reasons that the exculpatory nature of the evidence is annulled by evidence of Defendant's guilt. ECF No. 250 at 9-11.

The Government's position is erroneous and inapposite to well settled law. Whether evidence is exculpatory is not determined by measuring it against evidence of Defendant's guilt as the Government is attempting to do here. Evidence is exculpatory if it is favorable to the defense and it "includes material that goes to the heart of the defendant's guilt or innocence as well as that which may well alter the jury's judgment of the credibility of a crucial prosecution witness." United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984)(citing Giglio v. United States, 405 U.S. 150, 154 (1972)).

The Government attempts to address this anomaly by claiming that Defendant back dated the returns and that the purpose of back dating the returns was to make it appear that the returns were already filed with the IRS during those tax years.  But this allegation is contradicted by the requirement that Defendant sign a form 8821. An 8821 form provides the bank with authorization to obtain Defendant's tax records directly from the IRS and to verify, with the IRS, the information provided in the returns submitted to the bank. Further, both walk-in and electronically filed returns have either "filed" stamps on them or electronic filing numbers—each

**Established in 1995**

*HUNT, HAMLIN &*
*RIDLEY*
COUNSELLORS AT LAW

Page 5

overtly identifying the returns as "filed" copies. Back dating the returns, as it is alleged that Defendant did, only serve to provide consistency with the year the return covers. In fact, back dating a tax return to comport with the relevant tax year, in and of itself, is not illegal. Regardless of when the return is dated, the actual filing date of return controls for tax purposes.

In essence, the Government's position does not mitigate Defendant's entitlement to a copy of the grand jury transcripts. At the very least, this Court should review the transcripts in-camera to determine whether Defendant is entitled to them under the law. Smith, 123 F.3d at 143-44.

### C. Defendant Has Made A Showing that the Need for Disclosure Outweighs the Competing Interest of Grand Jury Secrecy

The Government sets its argument up here by wrongly claiming that Defendant "concedes" there is no general prosecutorial duty to disclose favorable evidence to the grand jury. ECF No. 250 at 12. Citing an unpublished opinion and, as a result, a lack of authority for its position, the Government avoids Defendant's point—that while it is not obligated to "search" for exculpatory evidence, United States v. Litman, 547 F. Supp. 645, 649 (W.D. Pa. 1982), when the Government "is aware of substantial exculpatory evidence, the evidence should be disclosed to the grand jury if it could reasonably cause the grand jury not to indict." U.S. v. Cole, 717 F. Supp. 309, 314 (E.D. Pa. 1989), citing United States v. Litman, 547 F.Supp. at 649, United States v. Fisher, 692 F.Supp. 495, 504 (E.D.Pa. 1988), Kudisch v. Overbeck, 618 F.Supp. 196 (D.N.J. 1985).

The Government further argues that the evidence of Defendant's guilt is voluminous and that Defendant's allegations supporting his request for grand jury transcripts are conclusory. The Government reasons that, as a result, Defendant is not entitled to the grand jury transcripts. However, "[']Conclusory['] is defined as [']consisting of or relating to a conclusion or assertion for which no supporting evidence is offered.[']" Sri Int'l, Inc. v. Cisco Sys., Inc., 254 F. Supp. 3d 680, 707 (D. Del. 2017), quoting Merriam–Webster Unabridged (2016).

*HUNT, HAMLIN &*
   *RIDLEY*
      COUNSELLORS AT LAW

Page 6

To the contrary, Defendant's assertion that the bank required the submission of "filed" tax returns is not conclusory but a well-known fact, especially since the only way for the bank to verify the validity of the tax returns is through the IRS. Defendant's assertion that he intended to file the tax returns himself is also a fact, supported by his own statement that the Government has admitted Defendant made. Defendant's assertion that he was arrested before he was able to file his returns is a fact, supported by the record in this case. Additionally, Defendant's assertion that he did not have the money to pay taxes owed because the Government seized and/or froze his bank accounts is also a fact, supported by the record of this case.

The Government has not denied that it kept these material facts from the grand jury and, as reflected above and in the record, nothing Defendant has alleged in support of his request for the grand jury minutes are speculation or conclusory.

Defendant has been specific in his request for the grand jury transcripts related to the tax offenses charged in the indictment. As expressed in his moving papers and herein, he has clearly argued that his particularized need is grounded in the Government's failure to provide the grand jury with specific exculpatory facts which negate both the elements of "intent" and "willfulness" with respects to the charged tax offenses.

In espousing his particularized need, Defendant is not unmindful that any disclosure must be weighed against the need for grand jury secrecy. Here, however, the impact on grand jury secrecy is minimal. The request is narrowly tailored as it is limited to evidence and instructions on just the tax counts. See Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979)(defendants seeking grand jury transcripts must show "that their request is structured to cover only material so needed."). The need for secrecy is lessened because the grand jury has completed its work. See United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234 (1940) ("[A]fter the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it."). Any names or testimony identifying non-codefendant, civilian witnesses (if any) can be redacted, further reducing concerns. See Douglas Oil Co., 441 U.S. at 222 (noting that by disclosing testimony given before the grand jury future witnesses "will

*HUNT, HAMLIN &*
*RIDLEY*
COUNSELLORS AT LAW

Page 7

consider the likelihood that their testimony may one day be disclosed to outside parties" and "[f]ear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties.").

Finally, to address any lingering concerns about secrecy of the grand jury proceedings, this Court can order that the relevant portions of the transcripts be compelled for in-camera review only. See <u>Dennis v. United States</u>, 384 U.S. 855, 869 (1966)("[W]hen disclosure is permitted, it is to be done 'discretely and limitedly.'") (quoting <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 681 (1958); <u>United States v. Smith</u>, 123 F.3d 140, 143-44 (3d Cir. 1997)(noting that where "grand jury secrets might be disclosed" "in camera review of the disputed material is necessary.").

Accordingly, Defendant's request for the grand jury transcripts or, alternatively, an in-camera review should be granted…

## **CONCLUSION**

For all the foregoing reasons stated above, Defendant respectfully requests and does pray that this Honorable Court grant his request for a copy of the grand jury transcripts relevant to the charged tax offenses or, at the very least, order an in-camera review.

             Respectfully submitted,

             s/Isaac Wright, Jr. Esq.
             Attorney ID No. 015092008

IW/
C: File

**Established in 1995**