# THE LAW FIRM OF
# HUNT, HAMLIN & RIDLEY
COUNSELLORS AT LAW

| FOUNDING PARTNERS<br>RONALD C. HUNT<br>RAYMOND L. HAMLIN<br><br>TERRY RIDLEY<br>1956-2012<br><br>_____<br><br>ASSOCIATE COUNSEL<br>YADIRA C. DURAN<br>DENNIS HICKERSON-BREEDON | NEWARK OFFICE<br>MILITARY PARK BUILDING<br>60 PARK PLACE, 16TH FLOOR<br>NEWARK, NJ  07102<br><br>ALL REPLIES TO THE NEWARK OFFICE<br>_____<br><br>TEL: (973) 242-4471<br>TELEFAX:(973) 242-8295<br>E-MAIL: iwright@HuntHamlinRidley.com<br>WEB SITE:  www.HuntHamlinRidley.com | PATERSON OFFICE<br>418 GRAND STREET<br>PATERSON, NJ 07505 | OF COUNSEL<br>ISAAC WRIGHT, JR.<br>VIELKA VELAZQUEZ<br>NOELLE VAN BAAREN<br>DAWN SANFILIPPO<br>ADAM C. BROWN<br>COURTNEY DURHAM<br><br>_____<br><br>‡ALSO ADMITTED IN NY |

June 6, 2022

**Via Electronic Filing**
Honorable Marilyn Cox Arleo
United States District Judge
U.S. District Court of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street,
Newark, NJ 07101

    **Re:**   **United States v. Creaghan Harry**
           Criminal Case No. 19-246
           Reply to Government's Opposition on Defendant's Motion to dismiss the Indictment

Dear Judge Arleo,

Please accept this letter in-lieu of a more formal brief and in reply to the Government's opposition to Defendant's request to Dismiss the Indictment for a violation of the Speedy Trial Act (STA).

The Government opposes Defendant's request to dismiss the indictment with a calculation that a total of only eight (8) days have elapsed under the STA. Defendant is not going to belabor the Court with a blow-by-blow reasoning for the Government's miscalculation and will begin this reply with the following suggestion…

**Established in 1995**

*HUNT, HAMLIN &*
*RIDLEY*
*COUNSELLORS AT LAW*

Page 2

Instead of Defendant going into a lengthy dissertation on why the Government's calculation is erroneous, Defendant believes the best forum to flush out his position, while highlighting the Government's errors, is during the hearing on this matter.

To make Defendant's case that a hearing is more conducive to complex explanations of law/fact time calculations under the STA, Defendant points to the Government's flagrantly misplaced understanding of how the procedural posture of this case changes the way time is counted under the STA. For example, the Government introduces its opposition with a totally inaccurate assessment of Defendant's calculation, commenting in pertinent part:

> Defendant's estimate of 88 days incorrectly includes 27 days before the STA clock even began to run on May 23, 2019.

Gov. br. at 5-6; ECF No. 253 at 5.   The Government goes on to reason:

> Defendant's argument that time under the STA began to run on April 9, 2019, is plainly incorrect as "[t]he Speedy Trial Act provides that the speedy trial clock begins on the filing date 'of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs.'" United States v. Robinette, 177 F. Supp. 2d 279, 285 (D. Del. 2001)(citing 18 U.S.C. § 3161(c)(1)) (emphasis added); see also United States v. Lynch, 726 F.3d 346, 352 (2d Cir. 2013)(STA clock did not begin to run for defendant arrested in the District of New Jersey until defendant was arraigned on indictment in District of Connecticut, which was "his first appearance in the court in which he was charged on that indictment"); United States v. Wickham, 30 F.3d 1252, 1254 (9th Cir. 1994)(holding that even though the defendant was deemed indicted while in Texas, his STA period only began when he first appeared in court in California in the district in which the indictment was pending). Thus, the speedy trial period did not begin until May 23, 2019, when Defendant first appeared in the District of New Jersey and was subsequently detained. See id. at 285 ("Where the indictment is issued before arrest, however, the first appearance before a judicial officer in

**Established in 1995**

*HUNT, HAMLIN &
RIDLEY*
COUNSELLORS AT LAW

Page 3

>    the court where the indictment has been filed is the event that triggers a defendant's speedy trial rights.").

Gov. br. at 5-6; ECF No. 253 at 5-6.

While arguing the law correctly, the Government blunders with the pertinent facts—the extent of which torpedoes its calculations.

To explain… The indictment in this case was filed under seal in the District Court of New Jersey on April 5, 2019. **ECF No. 1**.  It was unsealed on April 9, 2019. **ECF No. 3**. So, yes, the indictment and, as a result, the case was pending in the District Court of New Jersey (hereinafter "DNJ") at the time Defendant was arrested on April 9, 2019, in the Southern District of Florida (hereinafter "SDF").

However, in order to accommodate Defendant's initial appearance before the SDF Court, that Court removed the case from the DNJ and transferred the case from the DNJ to the SDF the same day (April 9, 2019). See SDF (West Palm Beach) case no. 9:19-mj-08129-BER-1 at **ECF No. 1** (hereinafter "SDF-ECF"); **Exhibit A.** After transferring the case to the SDF, the SDF Court filed the case on the SDF docket and stamped the indictment "filed" accordingly. See **SDF-ECF No. 1**; **Exhibit B**. Upon successfully transferring the case to the SDF, the SDF Court then held Defendant's initial appearance. **SDF-ECF No. 3**.[1]

In essence, when Defendant was brought before the SDF for his initial appearance, the case was no longer pending in the DNJ.  It was pending in the SDF. Id.  Thus, upon applying the applicable law and adding the important, relevant factual and procedural details related to the removal of the case to the SDF, it becomes clear that the Government's calculation is wrong.

Simply, the indictment was unsealed and removed from DNJ to the SDF on April 9, 2019.  On the same day (April 9, 2019), while the case was pending before the SDF, Defendant had his initial appearance—making his initial appearance the last occurrence and, as a result, the triggering date for speedy trial purposes. U.S. v.

---

[1] Once the Court concluded Defendant's initial appearance, it removed the case from the SDF and transferred the case back to the DNJ. **ECF Nos. 5-6**.

**Established in 1995**

*HUNT, HAMLIN &*
  *RIDLEY*
   COUNSELLORS AT LAW

Page 4

Willaman, 437 F.3d 354, 357 (3d Cir. 2006), quoting 18 U.S.C. § 3161(c)(1) ("[T]he trial of a defendant charged in an information or indictment [']shall commence within seventy days from the filing date (and making public) of the information or indictment or from the date the defendant has appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs.[']").

Therefore, the 27 days erroneously rejected by the Government must be counted under Speedy Trial Act jurisprudence.

This kind of detail-oriented miscalculation is permeated throughout the Government's response. Defendant makes two other brief points as further examples of these errors. First, the Government's opposition argues that the bail motion made on May 30, 2019 (**ECF No. 20**), tolled the time on the speedy trial clock until the continuance was filed on June 27, 2019. Nevertheless, Defendant believes 27 additional days of that time period should also be counted.

On its face, the Government appears to be correct on this specific point. However, the bail motion was placed under advisement by the Court on May 30, 2019. See id. That motion remained under advisement for over 180-days, until November 15, 2019, when the motion was finally granted. **ECF Nos. 85,86**. Under the STA, only 30 days of that time is excludable. United States v. Novak, 715 F.2d 810, 820 (3d Cir. 1983), "reasonableness standard" abrogated by Henderson v. United States, 476 U.S. 321, 330 (1986)("All of the time involved in long postponements of hearing dates and long extensions of time for filing responses will not qualify for exclusion…"); Henderson v. United States, 476 U.S. 321, 327-29 (1986) (observing that a pre-trial motion allows exclusion for up to 30 days while the district court has the motion under advisement); Bloate v. U.S., 559 U.S. 196, 206-07 (2010)(pointing out that delay from the filing of pretrial motions is automatically excludable under § 3161(h)(1)(D) through either "prompt disposition" by the Court or the expiration of the 30 day period that the motion is taken under advisement); see also United States v. Graves, 722 F.3d 544, 546 (3rd Cir. 2013).

**Established in 1995**

*HUNT, HAMLIN &*
  *RIDLEY*
    COUNSELLORS AT LAW

Page 5

It is clear from the docket that additional papers were filed by the parties during the 180-day period. Those papers were filed well after the 30-day advisement period had elapsed and, therefore, are outside of the statute's specific limitation period on excludable time when a case is under advisement. Id.  See also 18 U.S.C. § 3161(h)(1)(J)

Second, the Government argues that this Court entered a continuance on October 3, 2019 that extended until January 10, 2020.  The Government goes further and argues that although the Court did not mention the words "ends of justice" or refer to the section of the statute governing continuances, the Court set forth reasons sufficient to satisfy the "ends of justice" requirement. Gov. br. at 7-8; ECF No. 253.  What the Government fails to appreciate is that this Court did not mention the word "continuance" either.  In other words, while the Court scheduled the next hearing date 90-days away for discovery review purposes, an actual order of continuance was never entered for that period of time, either orally or otherwise.

The governing law, including cases cited by the Government, are unequivocal that in order for a constructive "ends of justice" finding to be gleaned from the record, an actual continuance order must be entered first, either orally or on the docket. U.S. v. Lattany, 982 F.2d 866, 871 (3d Cir. 1992), quoting 18 U.S.C. § 3161(h)(8)(A)(Excludable time includes "[a]ny period of delay resulting from **a continuance granted by any judge** on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government"). (Emphasis added). See also, United States v. Wilson, 216 F. Supp. 3d 566, 580 (E.D. Pa. 2016)(A **continuance "must be granted** prior to the days being excluded… The court must also state its **reasons for granting the continuance**, though that statement can be made sometime after the order is issued.")(emphasis added); United States v. Reese, 917 F.3d 177, 182 (3d Cir. 2019) ("[A] district court's **continuance order issued on a template continuance form** was sufficient to exclude time under the Act where the district court checked a box on the form corresponding to language tracking the applicable exclusion under the Speedy Trial Act and later supplemented the record with further details of the factual basis for exclusion.")(emphasis added); and Zedner v. United States, 547 U.S. 489, 506-07 (2006).

**Established in 1995**

*HUNT, HAMLIN & RIDLEY*
*COUNSELLORS AT LAW*

Page 6

In the absence of a continuance order, the time between October 3, 2019 and January 10, 2020, cannot be excluded based upon an ends of justice continuance as the Government argues—requiring a recalculation of the Government's position on excludable time.

In the case at bar, more than 70-days have passed under the STA. As espoused in Defendant's moving papers and exemplified above, the Government's calculations are in error and Defendant's request should be granted after a hearing on the matter where calculations under the SPA can be fully articulated and flushed out.

## CONCLUSION

For all the foregoing reasons stated above, Defendant respectfully requests and does pray that this Honorable Court grant his request to dismiss the indictment for a violation of the STA's time requirements.

Respectfully submitted,

s/Isaac Wright, Jr. Esq.
Attorney ID No. 015092008

IW/
C:      File

**Established in 1995**