

# THE LAW FIRM OF
# HUNT, HAMLIN & RIDLEY
COUNSELLORS AT LAW

| FOUNDING PARTNERS<br>RONALD C. HUNT<br>RAYMOND L. HAMLIN<br><br>TERRY RIDLEY<br>1956-2012<br><br>_____<br><br>ASSOCIATE COUNSEL<br>YADIRA C. DURAN<br>DENNIS HICKERSON-BREEDON | NEWARK OFFICE<br>MILITARY PARK BUILDING<br>60 PARK PLACE, 16TH FLOOR<br>NEWARK, NJ  07102<br><br>ALL REPLIES TO THE NEWARK OFFICE<br>_____<br><br>TEL: (973) 242-4471<br>TELEFAX:(973) 242-8295<br>E-MAIL: iwright@HuntHamlinRidley.com<br>WEB SITE:  www.HuntHamlinRidley.com | PATERSON OFFICE<br>418 GRAND STREET<br>PATERSON, NJ 07505 | OF COUNSEL<br>ISAAC WRIGHT, JR.<br>VIELKA VELAZQUEZ<br>NOELLE VAN BAAREN<br>DAWN SANFILIPPO<br>ADAM C. BROWN<br>COURTNEY DURHAM<br><br>_____<br><br>‡ALSO ADMITTED IN NY |

June 15, 2022

**Via Electronic Filing**
Honorable Marilyn Cox Arleo
United States District Judge
U.S. District Court of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street,
Newark, NJ 07101

**Re:** **United States v. Creaghan Harry**
Criminal Case No. 19-246
The Government's submission of "supplemental authority"

Dear Judge Arleo,

Please accept this letter in-lieu of a more formal brief and in regards to the Government's supplemental filing. **ECF No. 258-1**.

Subsequent to Defendant filing a reply to the Government's opposition, the Government has made another filing. This filing is reflected on the docket as an opposition, see **ECF No. 258**, but is described by the Government as "supplemental authority," (**ECF No. 258 at p. 1**). Its purported purpose is to bring to this Court's attention a third circuit decision in United States v. Adams, No. 19-1811 (3d Cir. May. 26, 2022) wherein the Adams court acknowledged "that a district court may enter a continuance without citing the Act or referencing the ends of justice [']so long as the court explains a valid factual basis for the continuance on the record['] and in a manner that shows the court [']balanced the

**Established in 1995**

*HUNT, HAMLIN &*
*RIDLEY*
COUNSELLORS AT LAW

Page 2

interests of the public and of all of the defendants.[']" Id. at 12-13 (citing and quoting United States v. Rivera Constr. Co., 863 F.2d 293, 297 (3d. Cir. 1988)).[1]

The significance of the Government's choice in bringing the Adams decision to the Court's attention is difficult to discern since the Adams Court did not deliver a new rule of law or alter the existing precedence "that time resulting from a continuance is excluded under the STA so long as the district court [']state[s] reasons contemporaneously with **an order continuing trial** that demonstrate an ends-of-justice finding['] and need not [']actually us[e] the words ["]ends of justice["] or refer[] to the statute at the time of the continuance.[']" United States v. Lattany, 982 F.2d 866, 879 (3d Cir. 1992). (Emphasis added).

In other words, Adams emphasizes that a district court can "enter a continuance without citing the Act or referencing the ends of justice [']so long as the court explains a valid factual basis for the continuance on the record['] and in a manner that shows the court [']balanced the interests of the public and of all of the defendants.[']" Adams, supra at 13-14. It must be highlighted that the Adams court's "emphasis," includes the requirement that the district court actually "enter a continuance." Id. In fact, Adams supports Defendant's position that this Court did not grant an actual "continuance" but merely scheduled the next hearing 90-days away for purposes of reviewing discovery. **ECF No. 253 at p. 8**. Further, Adams is distinguishable.

In Adams, the Court struck down the trial date set in the case and delayed the trial as a result of Adams's request for a new attorney, commenting in pertinent part:

---

[1] The Government provides the Adams opinion in an attempt to convince this Court to agree that a continuance order was entered on October 3, 2019, covering a 90-day period even though no such order was granted or entered. In addressing this issue, this Court must also be mindful that there are two other significant issues in this case regarding continuances: (1) The June 23, 2021, continuance entered at **ECF No. 186** is impermissibly applied retroactively to a period between June 1, 2021 and June 23, 2021. See Christie v. United States, Civil Action No. 12-988 (JLL), 33 n.16 (D.N.J. May. 20, 2015), citing United States v. Brenna, 878 F.2d 117, 122 (3d Cir. 1989) (an order continuing a case must be entered before the days to be excluded). As a result, 22-days between June 1, 2021 and June 23, 2021 were not tolled under the continuance order. Id.; and (2) the June 23, 2021, continuance expired on August 31, 2021. **ECF No. 186**. However, the subsequent continuance did not begin until September 9, 2021, leaving a gap of 9-days that was not tolled by the continuance. **ECF No. 206**. This means that in addition to the 112-days not tolled by a continuance from October 3, 2019 to January 23, 2020, there is an additional 31 days that are not tolled by a continuance, all resulting in additional non-excludable time.

**Established in 1995**

HUNT, HAMLIN &
RIDLEY
COUNSELLORS AT LAW

Page 3

> In considering Adams's pro se motion for new counsel, the Court found that there had been an "attorney[-]client breakdown," J.A. 132, and that Adams could not mount a proper defense without new representation. It recognized that new counsel would be involved in resolving outstanding discovery issues and explicitly warned Adams that, if he moved forward with his request to change attorneys, "delay[ing] [his] trial" would be unavoidable because the Court would need to find and appoint a "new attorney" and give Adams time to "meet with that [] attorney." J.A. 133. In response, Adams repeatedly acknowledged that changing his representation would cause a delay and that he nonetheless was requesting new counsel. That colloquy reflects that the District Court delayed trial to protect Adams's Sixth Amendment right to counsel, which is a particularly weighty justification for a continuance, see <u>Gideon v. Wainwright</u>, 372 U.S. 335, 343 (1963) ("the assistance of counsel" in criminal trials has long been recognized as "one of the safeguards . . . necessary to insure [sic] fundamental human rights of life and liberty" (quoting <u>Johnson v. Zerbst</u>, 304 U.S. 458, 462 (1938))), and that, after balancing that right against Adams's (and the public's) interest in a speedy trial, the Court concluded that delaying trial was warranted under those circumstances.

<u>Adams</u>, <u>supra</u> at 13-15.

In this case, unlike <u>Adams</u>, there was no "right to counsel" request.  There was no set trial date that had been struck down as a result of Defendant's right to counsel requests.  There was no delay caused by the Court's protection of Defendant's fundamental right to counsel.  There was no colloquy between Defendant and the Court regarding delays that are inherent in Defendant's requests.  There was no explicit or constructive inquiry by the Court with Defendant regarding a consent to a continuance and no explicit or constructive consent by Defendant as a result of that Colloquy.

This case is nothing like <u>Adams</u>, neither in its facts, nor in the procedural requests by Adams which caused the delays and prompted warnings from the court with reference to speedy trial issues. Therefore, in the absence of an explicit order, verbally or in writing, imposing a continuance, this Court cannot glean one from

*HUNT, HAMLIN &*
*RIDLEY*
COUNSELLORS AT LAW

Page 4

the record. See <u>United States v. Rodriguez</u>, 824 F. Supp. 657, 661 (W.D.Tex. 1993), citing <u>United States v. Brenna</u>, 878 F.2d 117 (3d Cir. 1989)("Other courts have recognized that when a judge gives no indication that a continuance was granted upon a balancing of the factors specified by the Speedy Trial Act, the danger is great that every continuance will be converted retroactively into a continuance creating excludable time, which is clearly not the intent of the Act.")

The dangers of what the Government is requesting this Court to do are outlined by the Court of Appeals for the Second Circuit:

> While we do not suggest that it occurred here, the procedure followed in this case does contain the risk that a district judge in a particular case may simply rationalize his action long after the fact, in order to cure an unwitting violation of the Act. Moreover, had the district judge in this case stated at the time he initially set the trial date, before the speedy trial clock had run, that he was granting an ends-of-justice continuance, the parties would have been on notice and the whole Speedy Trial Act problem might have been avoided.

<u>United States v. Tunnessen</u>, 763 F.2d 74, 78 (2d Cir. 1985). See also <u>United States v. Janik</u>, 723 F.2d 537, 544-45 (7th Cir. 1983) ("If the judge gives no indication that a continuance was granted upon a balancing of the factors specified by the Speedy Trial Act until asked to dismiss the indictment for violation of the Act, the danger is great that every continuance will be converted retroactively into a continuance creating excludable time, which is clearly not the intent of the Act.").

Over three decades ago, the Third Circuit explicitly held "that **in its order**, the district court **must, at a minimum, state** that it is entering…a continuance pursuant to section 3161(h)(8)(A)." <u>U.S. v. Brenna</u>, 878 F.2d 117, 122 (3d Cir. 1989). (Emphasis added). More to the point, the <u>Brenna</u> Court stated that "the judge **must consider and grant a continuance** before time may be excluded pursuant to section 3161(h)(8)(A)" <u>United States v. Brenna</u>, 878 F.2d 117, 121 (3d Cir. 1989) (emphasis added) (citing <u>United States v. Carrasquillo</u>, 667 F.2d 382 (3d Cir. 1981).

**Established in 1995**

*HUNT, HAMLIN &*
*RIDLEY*
COUNSELLORS AT LAW

Page 5

This Court made no such "statement" and clearly did not "grant" or enter a continuance "order" at the October 3, 2019, hearing as the Government tries to suggest. In as much as <u>Adams</u> has not overruled <u>Brenna</u>, the Government's interpretation of <u>Adams</u> is misplace and contrary to well settled law.

Finally, the Government again misplaces the finding in <u>Adams</u> to propose that submission of papers after a hearing extends tolling of the STA clock for an additional 30-days. **ECF No. 258 at p. 2**. This is generally correct. <u>Henderson</u>, 476 U.S. at 331–32 (allowing for the exclusion of thirty days "for the District Court to take [a motion] under advisement" once the Court received post-hearing supplementary filings). However, what the Government overlooks is that tolling related to papers filed after a hearing only occurs when the court is "unable to rule because it is awaiting the submission by counsel of additional materials…" <u>Adams</u>, <u>supra</u> at 28.

In the case at bar, Defendant had a hearing on his bail motion on May 30, 2019 (hereinafter "Second Bail Motion."). **ECF No. 20**. At that hearing, the Court took the bail motion under advisement and did not request or require and was not awaiting additional submissions from counsel(s). See <u>id.</u> As a result and pursuant to STA time limitations, the time was tolled for a maximum of 30-days until June 29, 2019, when the STA clock began to run again with respects to the Second Bail Motion. <u>Henderson</u>, 476 U.S. at 328-29 (holding that a maximum of 30 days are excludable due to a motion being taken under advisement after the conclusion of a hearing).

However, the Court held another hearing in order to rule on the Second Bail Motion on July 11, 2019. **ECF No. 30**. Because the Government made new proffers opposing release at the July 11, 2019 hearing, that hearing resulted in the Court requesting additional submissions, which prompted additional hearings that evolved into subsequent requests for additional papers by the Court, spanning over 180-days.

Since the STA's 30-day time limitation on the "advisement" period had long expired by the time the July 11, 2019, hearing occurred, the Government is now attempting to utilize the subsequent hearings and filings to convince this Court to

**Established in 1995**

*HUNT, HAMLIN &*
*RIDLEY*
COUNSELLORS AT LAW

Page 6

violate the STA's statute of time limitations by retroactively tolling the STA clock governing "advisement" so that that specific time limitations provision of the STA becomes ineffective.

In other words, under the Government's reasoning, the entire 180-day time period from May 30, 2019 until November 15, 2019, (See **ECF Nos. 85-86**, when the Court decided the Second Bail Motion on the papers), "would be excluded, effectively ignoring the Act's mandates of [']prompt disposition['] and the thirty-day advisement period." United States v. Noble, 509 F. Supp. 3d 399, 410 (W.D. Pa. 2020). Simply, because the 30-day time period for advisement had already expired before the subsequent hearings and additional filings, the retroactive tolling application requested by the Government is prohibited. See generally Cf. Brenna, 878 F.2d at 121-22 (acknowledging danger of retroactive rationalization where judge waits until asked to dismiss) (quoting United States v. Tunnessen, 763 F.2d 74, 78 (2d Cir. 1985); Janik, 723 F.2d at 544-45).

As a result, the Government's supplemental authority does not change or mitigate the error and the Government's position must, therefore, be rejected.

## CONCLUSION

For all the foregoing reasons stated above, Defendant respectfully requests and does pray that this Honorable Court grant his request to dismiss the indictment for a violation of the STA's time requirements.

        Respectfully submitted,

        s/Isaac Wright, Jr. Esq.
        Attorney ID No. 015092008

IW/
C:    File