IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No. 19-246 (MCA) |
| ) | |
| Creaghan Harry, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S STATUS CONFERENCE STATEMENT**

Defendant Harry is a high-risk of flight that will not be adequately mitigated by a third-party custodian who lacks sufficient suasion. *See United States v. Yijia Zhang*, No. CRIM. 12-498, 2014 WL 5285928, at *4 (E.D. Pa. Oct. 16, 2014), *aff'd* (Dec. 4, 2014) ("The purpose of appointing a third-party custodian is to influence the defendant not to flee. In order to exercise this "moral suasion," the custodian must have a substantial relationship with the defendant."). Harry now proposes that he be released to live in South Florida with his newly married wife and that he be supervised remotely by a third-party custodian who resides in New York state.

The risk of flight and noncompliance with conditions or release are heightened by Harry's proposed release to South Florida, where similarly situated defendants are routinely detained because of the close geographic proximity to the

1

Caribbean and Central America. *See, e.g.*, *United States v. Vargas*, No. 13-2044 JS, 2013 WL 3223419, at *5 (D.N.J. June 25, 2013) (denying bail in part due to substantial ties to the Dominican Republic); *United States v. Alavarez*, No. 87 Cr. 811(SWK), 1987 WL 27696, at *3 (S.D.N.Y. Dec. 10, 1987) (affirming Magistrate Judge's Order of detention and noting, "[s]imply relinquishing [defendant's] passports will not reasonably assure that the defendant and his family will not flee. [Defendant] has significant business and family contacts outside the United States and could easily re-establish himself elsewhere.").

Harry has proposed to live with his recently married wife, however, for the reasons reflected in Attachment A, she is not an appropriate third-party custodian.[1]

Harry also proposes that he be supervised by a third-party who would live many states away in New York. The purpose of a third-party custodian is, in part, to provide monitoring such that the defendant either follow the conditions or release or the court is immediate notified of non-compliance. *See, e.g.*, *United States v. Reinhart*, 975 F. Supp. 834, 840 (W.D. La. 1997) (denying release because "no parent or other third party custodian who could assure that [the defendant] is monitored 24 hours a day.); *United States v. Caldwell*, 540 F. Supp.

---

[1] The government respectfully requests that Attachment A be filed under seal because it contains personal information of third parties.

3d 66, 84 (D.D.C. 2021) (affirming denial of release where proposed custodians "may also not have a means to know his whereabouts or activities to be able to report any violations."). The proposed absent custodian here provides little assurance of Harry's compliance with his conditions of release and is thus insufficient to provide the necessary monitoring that a custodian must provide. *See*, *e.g.*, *United States v. Navarro*, 241 F. Supp. 2d 36, 38 (D. Me. 2003) (holding custodian insufficient where proposed custodian "claims to see [the defendant] several times each week, but it is apparent that that occurs, if it does, only because they often reside in the same neighborhood and those observations by her of Defendant are only in passing and involve no meaningful interaction.").

One member of the defense team – who has represented defendant for over four and a half years, since December 15, 2019 (ECF 87) – has stated that he is not willing to agree to a trial date while Defendant is detained. But there is no constitutional right to release prior to trial and no right to refuse to agree to a trial date until one is released. This case has been pending since April 5, 2019 (ECF 1), and the superseding indictment was returned almost three years ago, on August 10, 2021. ECF 197. This Court has more than protected Defendant's due process rights while in custody, approving the hiring of an outside vendor (Cornerstone) at taxpayer expense over two years ago in 2022; ensuring on October 18, 2021, over two years ago, that Harry was afforded access to discovery while in custody (*see*,

3

*e.g.*, ECF 233:7-19; ECF 314:9-11); and, over a year ago, on June 8, 2023, appointing a former federal prosecutor as co-counsel. (*See* ECF 308). Over two years ago, at the April 25, 2022, status conference, the Court cautioned defense counsel that "there's going to come a time that I'm going to say, I'm going to set a trial date down, mindful that it's been years, not months." ECF 260 at 17. The Government respectfully submits that such a time has arrived.

                              Respectfully submitted,

                              PHILIP R. SELLINGER
                              United States Attorney

                              GLENN S. LEON
                              Chief
                              Criminal Division, Fraud Section
                              U.S. Department of Justice

By:   */s/ Jacob Foster*
       JACOB FOSTER
       Principal Assistant Chief

       DARREN C. HALVERSON
       Trial Attorney

       U.S. Department of Justice
       Criminal Division, Fraud Section
       970 Broad Street, Suite 700
       Newark, New Jersey 07102

Dated: May 20, 2024